UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LARRY LYNN PLUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-615-MGG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Larry Lynn Plummer ("Plummer") filed his complaint in this Court seeking a remand of the Social Security Commissioner's ("the Commissioner's") final decision to deny his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act for further consideration of his application. For the reasons discussed below, this Court **AFFIRMS** the Commissioner's final decision.

**I. PROCEDURE**

On October 7, 2013, Plummer filed his Title II application for DIB with the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 423, alleging disability beginning April 30, 2013. The SSA denied Plummer's application initially on December 8, 2013, and again upon reconsideration on January 14, 2014. On July 10, 2015, a video hearing was held before an administrative law judge ("ALJ") where Plummer and an impartial expert appeared and testified. On July 23, 2015, the ALJ issued his decision finding that Plummer was not disabled at Step Five of the evaluation process and denied Plummer's application for DIB. On July 21, 2016, the Appeals Council denied Plummer's request for review, making the ALJ's decision the final decision of the Commissioner.

On September 16, 2016, Plummer filed a complaint in this Court seeking reversal or remand of the Commissioner's decision. [DE 1]. On March 6, 2017, Plummer filed his opening brief. [DE 16]. Thereafter, on June 11, 2017, the Commissioner filed a responsive memorandum asking the Court to affirm the decision denying Plummer benefits. [DE 21]. Plummer filed no reply brief despite being afforded more than fourteen days to do so. *See* N.D. Ind. L.R. 7-3(d). Pursuant to 28 U.S.C. § 636(b)(1)(B) and 42 U.S.C. § 405(g), this Court may enter a ruling in this matter based on the parties' consent.

## II. RELEVANT BACKGROUND

Prior to filing a Title II application for DIB, Plummer worked as an automobile sales person, Dictionary of Occupational Titles ("DOT") #273.353-010. The ALJ found that Plummer has severe impairments, including osteoarthritis, minor degenerative disc disease of the lumbar spine, obesity and mild chronic obstructive pulmonary disease. [DE 9 at 22]. Based on these impairments, the ALJ found Plummer had the residual function capacity ("RFC") to do the following as defined by 20 CFR 404.1567(b):

> . . . perform light work . . . as the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; and he can sit, stand or walk for 6 hours each in an 8-hour workday. The claimant cannot climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant can only reach overhead with his left upper extremity; and frequently reach in all other directions with the left upper extremity. The claimant must avoid hazards, such as unprotected heights and moving mechanical machinery; and he cannot perform commercial driving. The claimant can tolerate no more than frequent exposure to extreme cold, extreme heat, humidity, wetness, dust, odors, fumes, and pulmonary irritants.

[DE 9 at 23-24].

Based upon the RFC listed above, the vocational expert ("VE") testified at the ALJ hearing on July 10, 2015, that Plummer could perform his past work as an automobile sales person as it was generally performed, as it does not require greater than occasional overhead reaching with the

2

left upper extremity or greater than frequent reaching in all directions bilaterally. [*Id*. at 65-67]. When asked if his testimony was consistent with the DOT, the VE testified that it was. [*Id*. at 68]. The VE acknowledged that the DOT lacked a detailed analysis of the reaching plane required for an automobile sales person, but explained that he had used the DOT's description of the job to evaluate which reaching planes and extremities would be necessary for an automobile sales person. [*Id*. at 68-69]. Plummer's counsel at the hearing did not ask any follow-up questions of the VE. [*Id*. at 69]. After performing the requisite five-step analysis,[1] the ALJ concluded that Plummer was not disabled because he was capable of performing his past work as an automobile sales person. [*Id*. at 26-27].

### III. ANALYSIS

#### A. Standard of Review

On judicial review, under the Social Security Act, the Court must accept that the Commissioner's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

The ALJ bears the burden at Step Five of establishing that the claimant can perform other work that "exists in significant numbers in the national economy." *Overman v. Astrue,* 546 F.3d 456, 464 (7th Cir. 2008). If a VE's testimony is reliable, it can satisfy this burden. *Britton v.*

---

[1] The five-step analysis is defined for DIB at 20 C.F.R. §§ 404.1520.

3

*Astrue,* 521 F.3d 799, 803 (7th Cir. 2008). "A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Id.*; *see also Terry v. Astrue,* 580 F.3d 471, 478 (7th Cir. 2006); *Prochaska v. Barnhart,* 454 F.3d 731, 736.

### B. Issue for Review

Plummer now seeks remand of the ALJ's decision, arguing that (1) there is an apparent conflict between the VE's evidence and the DOT, and (2) the ALJ violated Social Security Ruling 00-4p by failing to require the VE to explain the conflict. [*See* DE 16 at 4]. Although at the administrative hearing Plummer failed to identify any portion of the VE's testimony as conflicting with the DOT, Plummer now argues that the following testimony by the VE demonstrates an apparent conflict between those two sources:

> It is consistent on the physical, postural, and environmental limitations given. I point out, in the area specifically related to reaching plane or extremity, the Dictionary doesn't specify that detailed analysis. I'm basing my answer on review of the job task, responsibilities and demands as listed in the Dictionary.

[DE 9 at 65-66]. Plummer does not point to a specific passage of the DOT that conflicts with this statement by the VE. He instead contends "[t]his testimony is…contradicting and conflicting on its face." [DE 16 at 5].

"SSR 00-4p requires an ALJ who takes testimony from a vocational expert about the requirements of a particular job to determine whether that testimony is consistent with the Dictionary of Occupational Titles." *Prochaska*, 454 F.3d at 735. "A claimant's failure to raise a possible violation of SSR 00–4p at the administrative level does not forfeit the right to argue later that a violation occurred." *Overman,* 546 F.3d at 463 (citing *Prochaska,* 454 F.3d at 735). When the issue is raised for the first time upon appeal to the district court, however, the claimant must identify a conflict between the VE's testimony and the DOT that is (1) actual, (2) material,

4

and (3) apparent in order to demonstrate that remand is warranted due to a violation of SSR 00–4p. *See Overman,* 546 F.3d at 463 (holding that after failing to identify a conflict at a hearing, the claimant must identify an apparent conflict upon appeal); *Terry,* 580 F.3d at 478 (holding that if there is no actual conflict between the VE's testimony and the DOT, any error is harmless); *Prochaska,* 454 F.3d at 735–36 (holding that a conflict must be material to the ALJ's Step Five determination in order to warrant attention on remand). Significantly, there is no apparent conflict where the DOT does not address the specific issue. *See, e.g.*, *Zblewski v. Astrue,* 302 F. App'x 488, 494 (7th Cir. 2008) (finding that because the DOT does not address the specific subject of a sit/stand option, it is not apparent that VE testimony on this subject would conflict with the DOT).

Having been denied review by the Appeals Council at the administrative level, Plummer has timely raised the SSR 00-4p issue before this Court. *See, e.g.*, *Prochaska*, 454 F.3d at 735. Still, the failure of Plummer's counsel to identify the alleged conflict at the time of the hearing is not without consequence. In order to demonstrate that remand is warranted, Plummer must now identify a conflict between the VE's testimony and the DOT that is (1) actual, (2) material, and (3) apparent. *See Overman,* 546 F.3d at 463; *Terry,* 580 F.3d at 478; *Prochaska,* 454 F.3d at 735–36.

Here, Plummer's claim fails because he has not identified an actual inconsistency. Plummer alleges that the VE's statement regarding reaching plane or extremity, by its own terms, must be "inconsistent with or not even addressed by the DOT." [DE 16 at 5]. Plummer, however, never specifies which passage of the DOT the VE's statement allegedly contradicts. Moreover, Plummer does not explain why any of the testimony is "contradicting and conflicting on its face." [*Id*.]. Furthermore, Plummer has not filed a Reply Brief and has therefore failed to develop any

argument in opposition to the Commissioner's version of the facts or representations regarding the alleged inconsistency. Such an undeveloped argument is waived and the Court will proceed based on the Commissioner's representations. See *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007) (internal citations omitted).

In response to Plummer's inconsistency arguments, the Commissioner first identified the DOT reference to "reaching" as the passage Plummer believes to be inconsistent with the VE's testimony. [DE 21 at 6]. The DOT states that the job of automobile sales person requires "frequent reaching," but does not specify the direction or extremity in which the reaching must occur. See DICOT 273.353-010 (G.P.O.), 1991 WL 672465. The Commissioner further elaborated that the VE's statement at issue was in response to his own testimony that the job does not require greater than occasional overhead reaching with the left upper extremity or greater than frequent reaching in all directions bilaterally. [DE 21 at 5].

With this context, it is clear there is no actual conflict between the VE's statement and the DOT. When asked whether his testimony was consistent with the DOT, the VE responded affirmatively. He added that he had relied on other parts of the DOT description of the job in order to reach his determination because the DOT was not detailed in its analysis of the required reaching plane. The descriptions the VE relied upon include the job task, responsibilities and demands. These descriptions allowed the VE to ascertain which reaching planes an automobile sales person must be able to reach frequently. It is not inconsistent for the DOT to state the job of automobile sales person requires frequent reaching and the ALJ, using the DOT's descriptions of the job, to specify the planes and directions in which that reaching must be able to occur. *See, e.g.*, *Zblewski,* 302 F. App'x at 494.

Moreover, setting aside the issue of whether the Commissioner correctly identified the

offending passage, Plummer's own analysis reveals that his claim must fail. Plummer claims the VE's statement is "inconsistent with or not even addressed by the DOT" because the "DOT does not provide a specific detailed analysis specifically related to reaching plane or extremity." [DE 16 at 5]. By admitting that the DOT does not specifically address the reaching plane or extremity, this Court must also conclude that the "conflict" was not apparent. *See, e.g.*, *Zblewski,* 302 F. App'x at 494.

IV. **CONCLUSION**

For the above reasons, this Court concludes that the ALJ did not fail in his duty to inquire into and resolve apparent conflicts between the vocational expert's evidence and the Dictionary of Occupational Titles. Therefore, Plummer's motion for remand is **DENIED**. [DE 16]. This Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is instructed to term the case and enter judgment in favor of the Commissioner.

**SO ORDERED.**

Dated this 4th day of October 2017.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

7